This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STEPHEN P. CURTIS,**

Appellant-Respondent,

**v.**                                                      **No. 31,648**

**BOARD OF TRUSTEES OF THE**
**VILLAGE OF LOS RANCHOS DE**
**ALBUQUERQUE and LINDA SEEBACH,**
**Director of Planning & Zoning,**

Appellees-Petitioners.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Tax Estate & Business Law, Ltd.
Clinton W. Marrs
Albuquerque, NM

Stephen P. Curtis, Attorney at Law, P.C.
Stephen P. Curtis
Albuquerque, NM

for Appellant

Chappell Law Firm, P.A.
Bill Chappell, Jr.
Michael Hoeferkamp

Sidney Childress
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

**BACKGROUND**

Petitioners Village of Los Ranchos de Albuquerque and Linda Seebach, Director of Planning & Zoning (collectively, "Village"), petitioned for a writ of certiorari to review the district court's decision reversing the Village's determination that Respondent Stephen Curtis ("Homeowner") must connect his septic system to the Village's public sewer system. This Court granted certiorari and filed a notice of proposed summary disposition proposing to reverse the district court. Homeowner filed a memorandum in opposition and the Village filed a memorandum in support of proposed summary reversal, both of which we have duly considered. We reverse the district court as to the construction of the ordinance, and remand for further proceedings to address Homeowner's constitutional issues that were raised in district court but not reached.

**CONSTRUCTION OF ORDINANCE 228**

The Village asks whether the district court improperly construed Sections 3 and 4(b) of Village Ordinance 228, which address measurement of the distance that determines whether an existing septic system must be connected to the public sewer:

> Section 3.  A public sanitary sewer shall be considered available to every lot or parcel ("Premises") when a connection point is within two hundred (200) feet as determined by Section 4(b) provided access to the public sanitary sewer is available through private or public easement or right of way or across the owner's property.
>
> . . .
>
> Section 4(b).  Every premises shall connect to public sanitary sewer when sewer service is available within 200 feet.  The 200 foot distance shall be measured from the closest point of connection on the public sanitary sewer, in a straight line (notwithstanding that structures may be located between the connection points), to the point where the liquid waste disposal line of the residence located on the Premises connects to the septic system (clean out point) . . . Notwithstanding the foregoing, if a straight line access to the public sanitary sewer is not available to the premises over public or private easements or across property owned by the owner of the Premises, the 200 foot distance shall be measured along the closest route permitted by public or private easements or across property owned by the owner of the premises.

[Petn. 3-4]  Ordinance 228 amended the earlier Ordinance 184.  [Petn. 3]

Homeowner's home has its septic connection at the rear, while the proposed sewer connecting line would approach the home from the front.  [Petn. 5]  He asserts that the proper measurement method under Ordinance 228 includes the extra distance needed to go around the house to the connection point–a total of 225 feet–and thus he is not required to connect to the sewer.  [Id.]  The Village argues that the language of Section 4(b), "notwithstanding that structures may be located between the connection

3

points," means that the distance is 189 feet, measured from the public sewer connection through the house in a straight line to the septic connection at the rear, and that therefore Homeowner must connect. [Id.]

The Village's argument requires interpretation of Ordinance 228, Sections 3 and 4(b). "In construing municipal ordinances or county zoning ordinances . . . the same rules of construction are used as when construing statutes of the legislature." *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998-NMSC-050, ¶ 4, 126 N.M. 413, 970 P.2d 599 (internal quotation marks and citation omitted). The "plain language of a statute is the primary indicator of legislative intent." *Id.* ¶ 5 (internal quotation marks and citation omitted). "Courts are to give the words used in the statute their ordinary meaning unless the legislature indicates a different intent." *Id.* (internal quotation marks and citation omitted). "The court will not read into a statute or ordinance language which is not there, particularly if it makes sense as written." *Id.* (internal quotation marks and citation omitted). "[W]here several sections of a statute are involved, they must be read together so that all parts are given effect." *Id.*

We conclude that the provisions of Ordinance 228 are not contradictory in the circumstances, and that the question of how the distance to Homeowner's sewer connection should be measured is answered by the plain language of the second

sentence of Section 4(b): "The 200 foot distance shall be measured from the closest point of connection on the public sanitary sewer, in a straight line (notwithstanding that structures may be located between the connection points), to the point where the liquid waste disposal line of the residence located on the Premises connects to the septic system (clean out point)." [Petn. 4] The parties agree that the straight-line distance from the public sewer connection to Homeowner's waste disposal line connection is 189 feet. [Petn. 5] This is the distance notwithstanding that a structure, Homeowner's house, is located between the connection points.

Under the principle that multiple parts of an ordinance must be read together so that all are given effect, this straightforward application of the second sentence of Section 4(b) requires us to also consider how and when the final sentence of Section 4(b) should be given effect, and whether it should override the second sentence in the present case:

> Notwithstanding the foregoing, if a straight line access to the public sanitary sewer is not available to the premises over public or private easements or across property owned by the owner of the Premises, the 200 foot distance shall be measured along the closest route permitted by public or private easements or across property owned by the owner of the premises.

As we understand the facts, there is no disagreement that the shortest possible actual sewer line between the public sewer connection and the connection at the back of Homeowner's house would measure 225 feet. [Petn. 5] Such a line would

necessarily include at least one angle in order to go around the house to reach the connection at the rear, and could be located entirely on Homeowner's own property or on easements to which he has access.

We conclude that for purposes of Ordinance 228, the 189-foot straight-line measurement applies, rather than the "around-the-house" 225-foot measurement. We conclude that "straight line" as used in the second sentence and as used in the final sentence of Section 4(b) means the same thing, i.e., connection-to-connection regardless of intervening structures. Thus, the phrase "if a straight line access to the public sanitary sewer is not available to the premises" must apply to circumstances where the unavailability is due to something other than an intervening structure. Otherwise, the phrase "notwithstanding that structures may be located between the connection points" would not have any function. If "straight-line" were given two different meanings in Homeowner's case, it would be contradictory to first determine that the connection-to-connection, through-the-house, straight-line measurement is 189 feet, and then conclude that the real measurement is 225 feet because there is an intervening structure and the sewer line cannot go through it in reality. Because the phrase "if a straight line access to the public sanitary sewer is not available to the premises" must be given some effect, we conclude that it would apply in situations where available easements do not allow for a straight-line connection-to-connection

6

route, regardless of whether or not there are intervening structures. Accordingly, we agree with the Village's determination that the relevant distance in Homeowner's case is 189 feet.

Upon consideration of the parties' memoranda in opposition and in support of our proposed summary disposition, we include the following reasoning for our conclusion. The district court noted that nothing in section 4(b) limits application of the last sentence to circumstances where legal access issues make straight-line access unavailable, and concluded that:

> where a straight line connection of 200 feet or less cannot be achieved because of legal access issues or "across property owned by the owner of the premises," the alternative measurement of "the closest route permitted" applies and, where the alternative measurement necessitated by the circumstances exceeds 200 feet, connection to the public sewer system is not required under the plain language of Ordinance 228[4(b)].

[Order 3 ¶ 13 - Exh. 5] The defect in Homeowner's (and the district court's) interpretation arises from the failure to distinguish the "premises" from the "residence." Section 3 defines the "Premises" as the lot or parcel. It is a different concept than the "residence," as demonstrated by the second sentence of section 4(b)'s reference to "the residence located on the Premises." The last sentence of section 4(b) refers to whether "straight line access" to the public sewer is "available to the *premises* over public or private easements or across property owned by the owner of the Premises." (Emphasis added.) The last sentence of section 4(b) does not

7

differentiate the method of measuring to the sewer connection on the residence from the method described in the second sentence, nor is this relevant to the subject matter of the last sentence, which is whether straight line access is available to the premises, i.e., the lot or parcel. This suggests that the measurement continues to be made "notwithstanding that structures may be located between the connection points." In Homeowner's case, the structure is the residence itself.

Homeowner's opposition to the petition for writ of certiorari argues that the Village's interpretation of the ordinance failed to consider its second purpose: to limit the economic burden on residents that would result from requiring connections longer than 200 feet in circumstances such as Homeowner's. We conclude that this purpose is substantially satisfied by the 200-foot limitation. The limitation assures that the expense of connection is not completely uncapped, even though in particular cases it may result in the final installation being longer than 200 feet. The Village could have reasoned that such cases will most often be due to the need to reach backyard septic outlets as in Homeowner's case, and the typical additional length of the line is thus unlikely to exceed 200 feet by a burdensome amount.

**EQUAL PROTECTION ISSUE**

Homeowner argued in district court that the Village's construction of section 4(b) violates his constitutional right to equal protection. Because the district court

ruled that the Village had improperly construed the ordinance, it did not reach the constitutional issue. We remand for consideration of this issue and other proceedings consistent with this opinion.

**CONCLUSION**

For the reasons stated above, we reverse the district court as to its construction of the ordinance, and remand for further proceedings on Homeowner's constitutional issue.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL E. VIGIL, Judge**